NICHOLAS J. ALEXANDER AND EUNICE J. ALEXANDER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alexander v. Commissioner
Docket No. 36892-85
United States Tax Court
T.C. Memo 1994-623; 1994 Tax Ct. Memo LEXIS 630; 68 T.C.M. (CCH) 1473; December 19, 1994, Filed *630 An appropriate order and decision will be entered. Nicholas J. Alexander, pro se. For respondent: Robert A. Varra and Sara J. Barkley. DAWSON, ARMEN
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Robert N. Armen, Jr., pursuant to the provisions of section 7443A(b)(4) of the Internal Revenue Code of 1986, as amended, and Rules 180, 181, and 183. [1] The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE ARMEN, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1978, as well as an addition to tax for negligence under section 6653(a), in the amounts of $ 18,897.70 and $ 944.89, respectively. Respondent also determined that petitioners are *631 liable for additional interest under section 6621(c), formerly section 6621(d). The issues for decision are: (1) Whether petitioners are entitled to deduct an advance minimum royalty from an activity identified on petitioners' Schedule C as "coal mining"; (2) whether petitioners are liable for an addition to tax for negligence under section 6653(a); and (3) whether petitioners are liable for additional interest under section 6621(c), formerly section 6621(d). An adjustment to petitioners' deduction for medical and dental expenses is a mechanical matter, the resolution of which will follow from our disposition of the first issue. Petitioners resided in Houston, Texas, at the time that their petition was filed with the Court. Preliminary Matters
(1) Petitioners' Motion for Summary Judgment
When this case was called for trial, petitioner Nicholas J. Alexander (petitioner) appeared and presented argument that the Court should not sustain respondent's deficiency determination because of petitioners' intervening bankruptcy. The Court characterized petitioner's argument as an oral motion for summary judgment. Accordingly, because the granting of such motion would be dispositive *632 of this case, we shall address it first. The facts relevant to the disposition of petitioners' motion for summary judgment are summarized as follows. In November 1989, several years after the petition in this case was filed and while the case was pending, petitioners filed a petition in bankruptcy under chapter 11 of the Bankruptcy Code (chapter 11). At least one proof of claim for internal revenue taxes was filed by the Commissioner with the bankruptcy court. Such proof of claim related to income taxes for the taxable years 1981 and 1982 and 1986 through 1988. The record does not disclose whether a proof of claim related to income taxes for other taxable years was also filed. On August 8, 1991, the bankruptcy court entered an order confirming petitioners' plan of reorganization under chapter 11 (the plan of reorganization). A short time thereafter, on August 27, 1991, the bankruptcy court entered an agreed order (the Agreed Order), which counsel for the United States and counsel for petitioners also executed. [2] The Agreed Order determined petitioners' liability for income taxes for the taxable years 1979, 1980, 1981, 1982, 1986, 1987, and 1988 and required the plan of reorganization *633 to reflect such liability and to provide for payment thereof. [3] *634 Significantly, the Agreed Order did not determine, or purport to determine, petitioners' liability for income tax for any other taxable year. Moreover, although the Agreed Order included a provision concerning Tax Court docket No. 44145-86, an action commenced by petitioners in November 1986, in respect of the Commissioner's income tax deficiency determination for the taxable years 1979 and 1980, the Agreed Order did not mention Tax Court docket No. 36892-85; i.e., the present case. [4]
On December 17, 1991, the bankruptcy court entered a final decree closing petitioners' chapter 11 case. Petitioners' motion for summary judgment is premised on the fact that the Agreed Order, the provisions of which were incorporated in the plan of reorganization, made no mention of any income tax liability for 1978. Therefore, according to petitioners, any such liability was discharged by virtue of the bankruptcy court's order confirming the plan of reorganization. In point of fact, however, no mention was made of any income tax liability for 1978 because the Agreed Order did not determine, or purport to determine, petitioners' liability for income tax for 1978. [5]
*635 We begin our discussion of the law by emphasizing that the Tax Court has only the limited jurisdiction conferred upon it by statute. See sec. 7442; Neilson v. Commissioner, 94 T.C 1, 9 (1990). Indeed, we have previously held that "This Court lacks jurisdiction to determine whether taxpayers have been discharged in bankruptcy with respect to Federal income taxes and additions to tax for the years at issue". McAlister v. Commissioner, T.C. Memo. 1993-166 (citing Neilson v. Commissioner, supra); accord Graham v. Commissioner, 75 T.C. 389, 399 (1980); Fotochrome, Inc. v. Commissioner, 57 T.C. 842, 847 (1972); Fein v. Commissioner, T.C. Memo. 1994-370; Bilski v. Commissioner, T.C. Memo. 1994-55. Rather, our subject matter jurisdiction is generally limited to the redetermination of the correct amount of a deficiency determined by the Commissioner. See sec. 6214(a); see also Swanson v. Commissioner, 65 T.C. 1180, 1184 (1976) (an action commenced in this Court for *636 the redetermination of a deficiency is unrelated to the collection of the tax). In redetermining the correct amount of a deficiency, "we are without jurisdiction to 'allow or disallow a claim against a debtor's estate * * * or to discharge taxes as a bankruptcy court might.'" Neilson v. Commissioner, supra at 9 (quoting Fotochrome, Inc. v. Commissioner, supra at 847). Accordingly, if petitioners desire a ruling on the issue of dischargeability, they must invoke the jurisdiction of the bankruptcy court. See Neilson v. Commissioner, supra at 9; Tortu v. Commissioner, T.C. Memo. 1994-243. See also In re Fein, 22 F.3d 631 (5th Cir. 1994), where a debtor did go to bankruptcy court to adjudicate the dischargeability of taxes in comparable circumstances, and lost that issue on the merits. In view of the foregoing, we will deny petitioners' motion for summary judgment. (2) Respondent's Motion To Dismiss for Lack of Prosecution
When this case was called for trial, respondent filed a Motion to Dismiss for Lack of Prosecution *637 under Rule 123. In respondent's view, petitioners failed to properly prosecute this case "by failing to respond to respondent's requests for information, by failing to comply with the Court's orders, and by failing to present a justiciable issue to the Court when given the opportunity." Petitioners' conduct in this case has been far from exemplary. They have failed to comply with Court orders and have made virtually no effort to address the merits of respondent's deficiency determination. Rather, they have clung tenaciously to the view that the bankruptcy proceeding relieved them of their obligation to pursue the case that they themselves had commenced in this Court. Nevertheless, despite our reservations about petitioners' conduct in this case, we are not convinced that a dismissal for lack of prosecution would be appropriate. See Crandall v. Commissioner, 650 F.2d 659 (5th Cir. 1981). We think that petitioners have remained genuinely convinced that the merits of the present case were resolved in the bankruptcy proceeding. Moreover, petitioner did appear at trial and did introduce evidence, albeit related to the bankruptcy proceeding. Under *638 these circumstances, we think that the interests of justice would be better served by denying respondent's motion to dismiss. See McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988); Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir. 1982); Durgin v. Graham, 372 F.2d 130, 131 (5th Cir. 1967). (3) Respondent's Motion To Withdraw Motion To Impose A Penalty Under Section 6673
When this case was called for trial, respondent also filed a Motion to Impose a Penalty under Section 6673. Subsequently, however, respondent filed a Motion to Withdraw Motion to Impose a Penalty under Section 6673. We think respondent's motion to withdraw is appropriate and, for the same reasons as those set forth in the preceding paragraph, we will grant it. Respondent's Deficiency Determination
On a Schedule C attached to their income tax return for 1978, petitioners claimed a deduction for an advance minimum royalty from "coal mining". This deduction, in the amount of $ 45,000, related to petitioners' investment [6] in Cheyenne Coal and Coke, a coal mining tax shelter, and was the only deduction claimed *639 by petitioners on the Schedule C. Moreover, petitioners reported no gross receipts or sales in respect of their "coal mining" activity. In the notice of deficiency, respondent disallowed the deduction claimed by petitioners for the advance minimum royalty. The explanation for the disallowance reads as follows: The $ 45,000.00 mining development deduction claimed on your Schedule C is not allowable because you have failed to establish that any amount was paid or incurred during the taxable year for the development of a mine or other natural deposit after the existence of ores or minerals in commercially marketable quantities had been disclosed. Further, you have not established that you acquired an interest in any mineral property, that any mining expenses were paid or incurred, or that the claimed mining transactions occurred or occurred *640 as claimed. Alternatively, the claimed deduction is disallowed in the year claimed because it does not clearly reflect income. Accordingly, your taxable income is increased $ 45,000.00 for the 1978 tax year.
We begin with some familiar principles. Thus, as a general rule, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Moreover, deductions are strictly a matter of legislative grace, New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934), and the taxpayer must prove his or her entitlement to any deduction disallowed by the Commissioner, Rule 142(a); Welch v. Helvering, supra.
Although petitioner Eunice J. Alexander did not appear at trial, petitioner did appear. The testimony and documentary evidence which petitioner presented related exclusively to the bankruptcy proceeding and to petitioners' view of its effect on the case being tried in this Court. As discussed above, however, the testimony and documentary *641 evidence presented by petitioner at trial are not relevant to the disposition of this case. Additionally, petitioner declined the Court's specific invitation to introduce evidence which might counter respondent's deficiency determination for 1978. Indeed, the only evidence in the record relevant to respondent's deficiency determination derives from respondent's request for admission, to which petitioners failed to respond. [7] Not surprisingly, this evidence supports respondent's determination. *642 In view of petitioners' failure to introduce relevant evidence, we are constrained to conclude that petitioners did not satisfy their burden of proof. Accordingly, we sustain respondent's determination related to -- (1) The deficiency in petitioners' income tax for 1978, (2) the addition to tax for negligence under section 6653(a), and (3) the additional interest under section 6621(c), formerly section 6621(d). Rule 142(a); Welch v. Helvering, supra.
To give effect to the foregoing, An appropriate order and decision will be entered. Appendix IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION
IN RE: NICHOLAS J. ALEXANDER, JR. AND EUNICE J. ALEXANDER, Debtors. BANKRUPTCY NO. 89-08513-H4-11 CHAPTER 11 PROCEEDING AGREED ORDER
The United States of America, Internal Revenue Service, (IRS), and Nicholas J. Alexander, Jr. and Eunice J. Alexander, debtors, through their undersigned attorneys, have entered into an agreement disposing of the debtors' objection to the proof of claim filed by the IRS on its merits (rather than "compromising" said objection within the meaning of Bankruptcy Rule 9019). *643 Pursuant to this agreement it is, ORDERED: 1. That for the taxable years 1979, 1980, 1981, 1982, 1986, 1987, and 1988, the debtors' total income tax liability is $ 317,166.95; including interest through the Chapter 11 petition date; 2. That the following statement shows the proper amount and classification (priority or general unsecured) of the Internal Revenue Service's claim with respect to the debtors' liability for income taxes and interest, for the taxable years 1979, 1980, 1981, 1982, 1986, 1987, and 1988: Income Tax Liability
Year
Tax
Penalty
Interest
Class
1979
$   2,170.00
-
$   4,312.38
Priority
1980
50,321.00
-
87,104.23
Priority
1981
54,529.83
-
78,523.97
Priority
1982
5,883.15
-
646.74
Priority
1986
19,503.20
-
3,973.77
Priority
1987
102.22
-
19.58
Priority
1988
9,348.38
-
728.50
Priority
$ 141,857.78
-
$ 175,309.17
3. The debtors' Chapter 11 Plan will reflect this agreement and shall provide for payment thereof as required by Chapter 11 of the Bankruptcy Code. 4. Within 30 days after the entry of this order the debtors shall execute the necessary closing agreements, Forms 870 and decision document which *644 are necessary to fully resolve their tax liabilities for 1979, 1980, 1981 and 1982. 5. The IRS will amend its proof of claim within 30 days of the receipt of all necessary documents relating to the debtors' 1979, 1980, 1981 and 1982 income tax returns and the filing of a decision document disposing of the debtors' Tax Court petition styled Docket No. 44145-86. 6. The debtors' objection to proof of claim of the IRS is dismissed with prejudice, with all parties bearing their own costs of suit, including attorney's fees. Signed this 24th day of August, 1991. /s/William Greendyke
United States Bankruptcy Judge AGREED AS TO FORM AND SUBSTANCE RONALD G. WOODS United States Attorney By: /s/Steven J. Bernosky
STEVEN J. BERNOSKY Special Assistant United States Attorney [address and telephone number] ATTORNEY FOR THE UNITED STATES
8-1-91 /s/James R. Clark
JAMES R. CLARK [Texas bar number; address and telephone number] ATTORNEY FOR DEBTORS 7-15-91 Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the taxable year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Because of its importance to the disposition of petitioners' motion for summary judgment, the Agreed Order is reproduced in the appendix of this opinion.↩
3. According to the Agreed Order, petitioners' liability for income taxes for the taxable years 1979, 1980, 1981, 1982, 1986, 1987, and 1988, including interest, totaled $ 317,166.95. The Agreed Order also classified such amount as a priority claim for bankruptcy purposes. In petitioners' Post-Confirmation Certificate, filed with the bankruptcy court on Sept. 9, 1991, following the confirmation of the plan of reorganization, petitioners disclosed "total priority claims allowed" in the amount of $ 317,167.↩
4. We note that docket No. 44145-86 was closed by this Court by the granting of the Commissioner's motion for entry of decision. Such motion was based on that part of the bankruptcy court's Agreed Order which addressed petitioners' liability for incomes taxes for the taxable years 1979 and 1980.↩
5. It is clear that the doctrine of collateral estoppel has no application in this case for that same reason. See United States v. International Bldg. Co., 345 U.S. 502, 505-506↩ (1953).
6. Our use of the term "investment" in this opinion is for convenience only and is not intended to suggest any legal conclusion regarding the substance of the transaction.↩
7. Under Rule 90(c), each matter in a party's request for admission is deemed admitted unless, within 30 days after service of the request, the party to whom the request is directed serves either a written answer or an objection. See Rule 90(e); see also Freedson v. Commissioner, 65 T.C. 333 (1975) (absent an answer or objection within the prescribed time, the statements in the request are deemed admitted without the entry of any order by the Court), affd. on other grounds 565 F.2d 954↩ (5th Cir. 1978). In an apparent attempt to comply with the provisions of Rule 91 regarding stipulations for trial, respondent incorporated her request for admission into a proposed stipulation of facts and ultimately filed a motion to compel stipulation under Rule 91(f)(1). Petitioners did not respond to the Court's Order to Show Cause under Rule 91(f)(2) why the matters set forth in respondent's proposed stipulation of facts should not be deemed admitted for purposes of this case. Accordingly, such facts and evidence were deemed to be established. See Rule 91(f)(3).