

Robert M. Crandall, pro se.

M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, John F. Murray, Acting Asst. Atty. Gen., Richard Farber, Tax Div., U.S. Dept. of Justice, N. Jerold Cohen, Chief Counsel, Henry G. Salamy, I.R.S., Libero Marinelli, Jr., Asst. Atty. Gen., Tax Division, Dept. of Justice, Washington, D.C., for respondent-appellee.

Robert M. CRANDALL,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 80–5729

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

July 13, 1981.

Before HILL, FAY and ANDERSON, Circuit Judges.

R. LANIER ANDERSON, III, Circuit Judge:

This is a pro se appeal from an order of the United States Tax Court. Appellant received a notice of deficiency from the Internal Revenue Service relating to the 1977 tax year. He responded within ninety days with a letter to the Clerk of the Tax Court which the Tax Court treated as a petition to contest the deficiency. However, the judge of the Tax Court on March 14, 1980, ordered appellant to file a proper petition and filing fee on or before May 13, 1980. When appellant failed to file the proper petition and filing fee, the Tax Court on June 17, 1980, dismissed his case for failure to properly prosecute and entered a decision in the amount of the deficiency against the appellant. It is from this decision of the Tax Court that appellant appeals.

Appellant argues that he failed to file a proper petition as ordered by the Tax Court because he was given misinformation by an IRS employee. The government responds

that dismissal for failure to prosecute is within the discretion of the trial court and that the Tax Court acted properly in dismissing the case upon the failure of the taxpayer to comply with the order of the Tax Court. Moreover, any attempt by the taxpayer to explain his failure to comply on the basis of allegations that he received misinformation from an IRS employee should be rejected by this court because the taxpayer did not present these factual allegations in the Tax Court, the government argues.

■ We agree with the government that the standard of our review of the Tax Court's dismissal for failure to properly prosecute, pursuant to Rule 123(b) of the Tax Court Rules of Practice and Procedure, 26 U.S.C.A. foll. § 7453 (West Supp.1981),[1] is whether the Tax Court abused its discretion. In *Freedson v. Commissioner of Internal Revenue*, 565 F.2d 954 (5th Cir. 1978), we said, referring to Rule 123(b) of the Tax Court Rules of Practice and Procedure: "While few cases have interpreted the new Rule 123(b), the Advisory Committee Note indicates that standards for applying Rule 41 of the Federal Rules of Civil Procedure should govern dismissals by the Tax Court. In that context it is well settled that an appellate court will not reverse the trial court's dismissal absent an abuse of discretion."

We do not agree with the government, however, that this record reveals the presence of those "factors which have been deemed sufficient to support such a [Rule 41(b)] dismissal . . . ." *Ramsay v. Bailey*, 531 F.2d 706 (5th Cir. 1976), *cert. denied*, 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977). *See also Anthony v. Marion County General Hospital*, 617 F.2d 1164 (5th Cir. 1980).

■ In the instant case, we have no history of delay or contumacious conduct by the appellant. There is only a three-month period of inactivity on the part of appellant. There was no repeated failure to comply with Tax Court orders. There were no repeated warnings that appellant was risking dismissal. Finally, appellant offers a reason for his failure to comply with the Tax Court's order, *i. e.*, the explanation that he was led to believe an appeal was not necessary because an IRS employee informed him that his ex-wife, and not he, would be responsible for payment of the deficiency claim and that he might be able to refile and receive a refund.

Under these circumstances, we believe that the Tax Court's dismissal of appellant's case was premature. Accordingly, we remand to the Tax Court to give the taxpayer the opportunity to present evidence of his excuse and to give the Tax Court the opportunity to make findings as to whether dismissal is justified.

REVERSED AND REMANDED.

---

1. Rule 123(b) reads:

(b) *Dismissal*. For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule.