A98A1893. BROOKS BROWN INSURANCE AGENCY, INC.
v. HARDEN et al.
(513 SE2d 755)

SMITH, Judge.

We granted the application of Brooks Brown Insurance Agency, Inc. ("Brown") for interlocutory appeal from the denial of its motion for summary judgment in an action brought by Frances Harden and her daughter, Elaine Turner, alleging that Brown was negligent in

several respects. Brown procured a homeowner's policy for Harden covering premises owned by Harden in which her daughter lived. The policy was issued by Southern Insurance Underwriters, Inc. ("SIU") and underwritten by Lloyds, London. The premiums were financed by Siuprem, Inc. The policy was canceled by Siuprem for nonpayment of premiums, and the home was destroyed by fire shortly thereafter. We conclude that, for several reasons, the issue of whether Brown was negligent in any respect is irrelevant and that the trial court erred in denying Brown's motion for summary judgment.

The record shows that in October 1995, Harden applied for a homeowner's policy through Brown. Brown placed Harden's business with Lloyds, through SIU. The policy was financed through Siuprem. Brown entered Harden's mailing address in its office computer as "P.O. Box 283, Washington, GA, 30673," which was correct. The address of the insured premises was in Lincolnton, Georgia.

In November 1995, Harden received a copy of the policy, which included a certificate of insurance. The certificate listed her mailing address as "P.O. Box 283, *Lincolnton*, GA 30817." (Emphasis supplied.) Harden made a down payment in November 1995, and she made premium payments on the policy in December 1995, January and February 1996, and two payments in April 1996. All premium payments were made in Brown's office and forwarded to Siuprem. After April 26; no payments were made to Brown on the policy. On June 7, 1996, Brown received a notice from Siuprem that Harden's policy had been canceled.

Harden testified that she made all her premium payments in person at Brown's office and that whoever was there would look up the amount owed on the computer. She testified she made a premium payment in cash in May, but could not find the receipt. During the last week of June, she went to Brown's office to make her June payment, and when her records were brought up on Brown's office computer, she discovered her policy had been canceled. Brooks Brown himself was not in the office, and Harden requested that office personnel find out if she could reinstate the policy and how much she would be required to pay. Lacey Pullen, who was working in the office that day and spoke with Harden, testified that she called Siuprem concerning reinstatement, and that she called Harden several times before she left work that day but could not reach her. Harden acknowledged that her answering machine was broken and that she never called Brown until after the premises were destroyed by fire on July 5, 1996. The insurer denied coverage on the ground that the policy had been canceled and was not in effect at the time of the fire.

1. Brown contends that because the policy was not properly canceled, the trial court erred in denying its motion for summary judg-

ment. We agree. The premium financing agreement contained a power of attorney authorizing Siuprem to cancel the insurance for nonpayment of premiums. OCGA § 33-22-13 provides that when a premium finance agreement contains a power of attorney authorizing the premium finance company to cancel the policy, it may not cancel the policy unless it does so in accordance with the statute. OCGA § 33-22-13 (a). At least ten days written notice must be given to the insured of the intent of the premium finance company to cancel the policy unless the default is cured within that time. OCGA § 33-22-13 (b). Also, a copy of the ten-day notice of intent to cancel must be sent to the insurance agent or insurance broker indicated on the premium finance agreement. Id. Both Brown and Harden denied receiving a ten-day notice of intent to cancel, and the record does not include any indication that such a notice was sent.[1]

The language of the statute must be strictly construed. *Moore v. Scottsdale Ins. Co.*, 264 Ga. 808, 809 (450 SE2d 198) (1994). And the burden is on the premium finance company to show strict compliance. *Clark v. Superior Ins. Co.*, 209 Ga. App. 290, 292 (1) (433 SE2d 394) (1993). Because no evidence was presented that Siuprem complied with OCGA § 33-22-13 (b), the policy was not properly canceled.

Moreover, the notice of cancellation itself fails to comply with the statute. OCGA § 33-22-13 (c) (1) provides that after the ten-day period, the premium finance company must give the insurer a notice of cancellation and at the same time notify the insured of the action taken. The notice to the insured "shall contain the date and time the policy is to be canceled, which date shall be after the date of mailing of such notice." No evidence was presented that Siuprem gave such notice to Harden. But the notice sent to Brown was dated June 4, 1996, and purported to cancel Harden's policy effective the same day.

2. Brown also contends it was entitled to summary judgment for another reason. Harden maintains that Brown was negligent in transmitting to Siuprem a wrong mailing address for her. But even assuming that Siuprem complied with the requirements for cancellation set forth in OCGA § 33-22-13 and the policy was properly canceled, the cancellation was not proximately caused by any negligence on Brown's part. It is undisputed that Harden received a copy of the policy months before the fire, and the certificate of insurance included a request that the insured read the certificate and return it to SIU if it was incorrect in any way. Harden did not do so. Even

---

[1] We note that SIU and Siuprem have attempted to introduce such evidence to this Court through an "Appendix" to their brief. This "Appendix" reproduces various portions of the record on appeal, but it also includes "evidence" not presented below, such as an affidavit from a Siuprem officer stating that an "intent to cancel" letter was sent to Harden on May 21, 1996. We have not considered this material.

absent that provision, it was Harden's duty to read the policy and to notify the insurer if it was incorrect. See generally *Atlanta Women's Club v. Washburne*, 207 Ga. App. 3 (427 SE2d 18) (1992). The mailing address was not something for which Harden relied upon Brown's expertise as an insurance agent. An examination of her policy would have made it "readily apparent" that it contained the wrong mailing address. Id. at 5. If, indeed, Harden did not receive the notices because they were sent by Siuprem, but to the wrong address, Harden's own failure to read her policy and correct that address was the proximate cause of her failure to receive them.

Under either theory, Brown's negligence, if any, is not relevant, and the trial court erred in denying its motion for summary judgment.

*Judgment reversed. Johnson, C. J., and Barnes, J., concur.*

DECIDED MARCH 5, 1999.

*Lokey & Smith, Malcolm Smith, Kevin A. Doyle*, for appellant.
*Crim & Bassler, Harry W. Bassler, Raymond J. Doumar*, for appellees.