[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 22, 2003
THOMAS K. KAHN
CLERK**

No. 02-13155
_____

D. C. Docket No. 01-01042-CV-MHS-1

ADMIRAL INSURANCE COMPANY,

Plaintiff-Counter-
Defendant-Appellee,

versus

CRESENT HILLS APARTMENTS,

Defendant-Counter-
Claimant-Cross-
Defendant-Cross-
Claimant-Appellant,

BAUER AGENCY, INC.,

Defendant-Counter-
Claimant-Cross-
Claimant-Cross-
Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 22, 2003)**

Before ANDERSON and WILSON, Circuit Judges, and OWENS[*], District Judge.

OWENS, District Judge:

We now revisit this case upon its return from the Supreme Court of Georgia to which this court certified two questions regarding the cancellation of insurance policies under Georgia law. See Admiral Ins. Co. v. Cresent Hills Apts., 328 F.3d 1310 (11th Cir. 2003). Although the facts are more fully set forth in this court's previous opinion, for purposes of this opinion a brief outline of the facts are set forth below.

Admiral Insurance Company issued a commercial property insurance policy covering the Cresent Hills Apartment complex in Atlanta. Admiral eventually decided to cancel the policy after it was reported the apartments were in deplorable condition. An Admiral underwriting assistant prepared an undated cancellation notice for Cresent stating the policy would be cancelled effective November 8, 2000. The notice was to be sent by certified mail. According to an Admiral employee, she taped the envelope containing the notice of cancellation to the outside of the mailbox in the lobby of their office building on October 5, 2000. Attached to the envelope was a note asking the letter carrier to date and sign or postmark the certified mail

---

[*]Honorable Wilbur D. Owens, Jr., United States District Judge for the Middle District of Georgia, sitting by designation.

receipt with the date it was picked up for delivery. The receipt was returned to Admiral, undated and without a postmark. The notice was delivered to Cresent via certified mail on October 11, 2000. A Cresent employee signed the receipt, returned the receipt to Admiral and placed the envelope on the desk of the president and sole shareholder of the corporation that owns Cresent Apartments. The president did not open the envelope until December 29, 2000. In the interim, a fire destroyed five apartment units on December 27. When Cresent's insurance agent, Bauer Agency, Inc., reported the fire to Admiral, Admiral informed Bauer that the insurance policy covering the apartments had been cancelled effective November 8. No notice of cancellation was sent to First Savings Bank, Cresent's lienholder.

Admiral filed a motion for declaratory judgment in the United States District Court for the Northern District of Georgia, seeking a judicial declaration that Admiral was not obligated to pay Cresent's claim because Admiral had cancelled the policy. Cresent contended the cancellation was ineffective because it was not in compliance with O.C.G.A. § 33-24-44(b)[1] since the lienholder had not been notified and there

---

[1]"Written notice stating the time when the cancellation will be effective, which shall not be less than 30 days from the date of mailing or delivery in person of such notice of cancellation or such other specific longer period as may be provided in the contract or by statute, shall be delivered in person or by depositing the notice in the United States mails to be dispatched by at least first-class mail to the last address of record of the insured and of any lienholder, where applicable, and receiving the receipt provided by the United States Postal Service or such other evidence of mailing as prescribed or accepted by the United States Postal Service."

3

was no evidence the notice of cancellation had been mailed at least 30 days before the date of the purported cancellation. The district court granted summary judgment in Admiral's favor finding Admiral had effectively cancelled the policy. Cresent appealed to this court.

On appeal, this court determined that the law was unclear in Georgia whether the means by which Admiral attempted to mail the cancellation of the policy was effective. The court certified two questions to the Supreme Court of Georgia:

1.     Did Admiral's failure to notify the lienholder of the attempted cancellation of Cresent's policy affect in any way Cresent's right to make a claim under the policy?

2.     Did Admiral comply with the requirements of O.C.G.A. § 33-24-44(b) by affixing an envelope containing a notice of policy cancellation to the outside of a United States postal mailbox with a request to the United States Postal Service to receipt for the same and mail it via certified mail to Cresent?

As more thoroughly set out in the Supreme Court of Georgia's opinion attached herewith, the court answered the second question in the negative and found it unnecessary to answer the first. Because the Supreme Court of Georgia found that Admiral failed to follow the requirements of the statute in its attempt to cancel the policy and thus failed to effectively cancel the policy, the district court's grant of

4

summary judgment in Admiral's favor is VACATED and this case is REMANDED for further proceedings.