[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10550
Non-Argument Calendar
_____

Agency No. 15480-11

CARLES ROULETT,
JENO LUCKETT,

                                                        Petitioners-Appellants,

versus

COMMISSIONER OF IRS,

                                                        Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
_____

(August 21, 2013)

Before HULL, JORDAN, and COX, Circuit Judges.

PER CURIAM:

    Carles Roulett and Jeno Luckett (collectively, the Petitioners), proceeding

pro se, appeal the tax court's dismissal of their petition challenging a tax

deficiency for the 2009 tax year.  They also challenge the tax court's denial of their motion to vacate the order dismissing their petition.

In June 2011, Petitioners received a notice of deficiency charging that they owed $488 in additional taxes for the 2009 tax year.  The Petitioners filed a petition seeking redetermination of the tax deficiency.  But after they failed to appear for trial, the tax court dismissed their case for lack of prosecution.  The Petitioners filed a motion to vacate the dismissal, which the court denied.

We read pro se briefs liberally, *see Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990), but we find it difficult to untangle the Petitioners' arguments on appeal.  After careful review of their initial and reply briefs, we understand the Petitioners to make three arguments: (1) the tax court erred in dismissing their petition for lack of prosecution and denying their motion to vacate; (2) the Commissioner wrongly credited their 2009 overpayment to their 2004 tax liability; and (3) the Commissioner wrongly credited their 2011 overpayment to liabilities owed from 2005, 2007, and 2008.[1]

---

[1] Because the Petitioners do not brief these issues, we deem abandoned the Petitioners' contentions that the tax court denied them procedural due process and that the Commissioner should be "collaterally estop[ped]" from pursuing subsequent proceedings.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

First, we review the tax court's dismissal for lack of prosecution for an abuse of discretion. *Crandall v. Comm'r*, 650 F.2d 659, 660 (5th Cir. Unit B July 1981).[2]  Likewise, we review the court's denial of a motion to vacate for an abuse of discretion. *Bragg v. Comm'r*, 856 F.2d 163, 166 (11th Cir. 1988).  The tax court may dismiss a case at any time if a petitioner fails to prosecute his case or comply with the tax court's orders.  Tax Ct. R. 123(b).

The tax court did not abuse its discretion in dismissing the petition because the Petitioners neither prosecuted their case nor complied with the court's orders. The Petitioners filed their petition on June 30, 2011.  The tax court informed them on April 26, 2012, that their case was set for trial on October 1, 2012, and warned the Petitioners that the "failure to appear may result in dismissal of the case and entry of decision against you."  (R.1-14.)  The court also told them that they must file a pretrial memorandum.  Despite having more than five months to prepare for trial or request a continuance, the Petitioners failed to appear on October 1.  That day, the tax court called their case not once, but twice—in the morning and the afternoon—and the Petitioners failed to appear both times.  The Petitioners neither explained to the tax court, nor explain to us on appeal, why they did not appear.

---

[2] Decisions of the former Fifth Circuit rendered before October 1, 1981, bind us. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

And, they apparently never filed their pretrial memorandum as the tax court required. The Petitioners also stipulated to owing the $488 for the 2009 tax year. (R.1-23 Ex. A ¶ 13.) For these reasons, we cannot conclude that the tax court abused its discretion in dismissing the petition or in denying the Petitioners' motion to vacate the dismissal.

Second, the Petitioners contend that they are entitled to a refund—their overpayment in 2009 minus the $488 deficiency. But the Commissioner credited the overpayment to a 2004 tax liability of Petitioners. According to the Petitioners, the Commissioner improperly credited the overpayment to the 2004 liability because (1) the Commissioner never sent a notice of deficiency for the 2004 tax year and (2) the collection of the overpayment was time-barred by 26 U.S.C. § 6501. Instead, they argue, the 2009 overpayment should be applied to the $488 deficiency, and they should receive a refund of the balance.

We are not persuaded. The Commissioner acted within his statutory authority when he credited the overpayment against the 2004 liability. *See* 26 U.S.C. § 6402(a). First of all, the Commissioner was not required to send a notice of deficiency for the 2004 tax year. The Commissioner must send a notice of deficiency only if he "determines that there is a *deficiency*." *Id.* § 6212(a) (emphasis added). A deficiency generally results from a tax return understating the

4

taxpayer's liability. *See Murray v. Comm'r*, 24 F.3d 901, 903 (7th Cir. 1994). Here, the 2004 liability arose from the Petitioners' failure to pay taxes, not any understatement of income on their return. (*See* R.1-23 Ex. 3-J.) Nor does 26 U.S.C. § 6501—the applicable statute of limitations—bar the collection of the 2009 overpayment. Any tax must be assessed within three years. 26 U.S.C. § 6501(a). And the collection of that tax must occur within ten years of the assessment. *Id.* § 6502(a)(1). The Petitioners filed their 2004 tax return on May 8, 2006, and the Commissioner assessed the tax liability on that same day. (R.1-23 Ex. 3-J.) Then in February 2011, the Commissioner collected the 2009 overpayment and applied it towards the 2004 liability. So, both the assessment and the collection were within the applicable time periods.

Finally, to the extent that the Petitioners contend that the Commissioner wrongly applied an overpayment from the 2011 tax year to their tax liabilities for 2004, 2005, 2007, and 2008, the tax court lacked jurisdiction to consider that contention because the Petitioners only challenge the 2009 deficiency in their petition. *See* 26 U.S.C. § 6213(a) (the tax court only has jurisdiction to review deficiency that is the subject of a timely petition).

5

AFFIRMED.[3]

---

[3] The Petitioners' Motion for Leave to File an Interlocutory Injunction is DENIED.