[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-12520
Non-Argument Calendar

_____

Agency No. 4245-10

KENT E. HOVIND,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court

_____

(October 23, 2014)

Before TJOFLAT, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Kent Hovind, proceeding *pro se*, appeals a final order and decision of the

United States Tax Court granting the Commissioner of the Internal Revenue

Service's ("Commissioner") motion for entry of decision. Hovind received a Notice of Deficiency in 2009 relating to the 1998 to 2006 tax years, based on Hovind's alleged failure to file an individual tax return for those years. Hovind timely filed a counseled petition to contest the deficiency in February 2010, alleging that he was not liable for any deficiency because Pensacola, Florida, where he lived during the years relevant to the deficiency notice, "ha[d] not been located within any internal revenue district since at least 1999." He also asserted that he was a minister of Creation Science Evangelism ("CSE") and that the notice had improperly attributed CSE's income to him.

More than three years later, on March 15, 2013, the Tax Court granted the Commissioner's motion for entry of decision, finding that deficiencies, penalties, and additions to Hovind's tax were due as stated in the deficiency notice. In its final order, the Tax Court noted that Hovind had failed to respond to the Commissioner's motion as directed by the court in both January and February 2013. This appeal followed.

On appeal, Hovind argues that the Tax Court's final order was unconstitutional because, as a federal prisoner subject to frequent facility transfers, he had not received notice of relevant motions and orders.[1] He further argues that

---

[1] Hovind has been serving a ten-year term of imprisonment for failing to collect and pay employment withholding taxes, obstructing tax laws, and structuring transactions to avoid financial reporting laws. *United States v. Hovind*, 305 F. App'x 615 (11th Cir. 2008).

2

his activities as a minister for CSE were not taxable and that the amounts in the deficiency notice were inconsistent with the IRS's internal records.  After careful review of the record and consideration of the parties' briefs, we affirm.

We review for an abuse of discretion the Tax Court's entry of a decision on a notice of deficiency based on the petitioner's failure to properly prosecute a petition for a redetermination of the deficiency.  *See Crandall v. Comm'r of Internal Revenue*, 650 F.2d 659, 660 (5th Cir. Unit B July 1981).[2]

A notice of deficiency "is the taxpayer's ticket to the Tax Court" to obtain a redetermination of his tax liability.  *L.V. Castle Inv. Grp., Inc. v. Comm'r of Internal Revenue*, 465 F.3d 1246-47 (11th Cir. 2006) (internal quotation marks omitted).  Having received a notice of deficiency, a taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.  26 U.S.C. § 6213.  The Commissioner's determination of a tax deficiency is presumed correct, and the taxpayer has the burden of showing that it is erroneous.  *Webb v. Comm'r of Internal Revenue*, 872 F.2d 380, 381 (11th Cir. 1989).

If a petition for redetermination of any deficiency has been filed, the Tax Court may, nevertheless, dismiss the case and enter a decision against a petitioner for failure to properly prosecute the case or to comply with Tax Court orders or rules.  Tax Ct. R. 123(b); *see* 26 U.S.C. § 7453 (authorizing the Tax Court to

---

[2]  This Court adopted as binding precedent all Fifth Circuit decisions issued prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

3

prescribe rules to govern its proceedings).  In that event, the Tax Court's decision dismissing the proceeding "shall be considered as its decision that the deficiency is the amount determined by the secretary."  26 U.S.C. § 7459(d); *see also* Tax Ct. R. 123(d) ("A decision rendered upon a default or in consequence of a dismissal, other than a dismissal for lack of jurisdiction, shall operate as an adjudication on the merits.").

The record shows that the Tax Court did not abuse its discretion in granting the Commissioner's motion for entry of an order establishing the deficiency based on Hovind's failure to prosecute the petition properly.  *See Crandall*, 650 F.2d at 660.  Hovind repeatedly delayed Tax Court proceedings by failing to file responses to motions, participate in discovery, or follow court orders.  He also consistently advanced frivolous arguments and refused to acknowledge the Tax Court's authority, asserting his individual sovereignty as a free inhabitant foreign to the United States.

And our review of the events leading up to the final order in this case makes clear that, particularly from the perspective of the Tax Court, Hovind effectively had abandoned the case.  Hovind's case had been set for trial in March 2012.  In November 2011, Hovind's counsel filed a motion to withdraw Hovind's petition for a redetermination of any deficiency.  Counsel stated in the motion that he had conferred with Hovind, that Hovind had "no intention of proceeding in tax court at

any time in the future," and that counsel was being terminated by Hovind upon completion of one task: dismissing the petition. The Tax Court denied the motion, asserting jurisdiction to decide the controversy, but struck the case from the trial calendar due to Hovind's unavailability for trial in March. The court directed the parties to file a status report by December 2012.

In December 2012, the Commissioner filed a status report stating that Hovind's counsel had informed the Commissioner that counsel had had no contact with Hovind since November 2011, despite attempts to contact him. Based on the status report and Hovind's earlier representation that he had "no intention of proceeding in tax court," the Tax Court ordered the Commissioner to file a motion for entry of decision. The Commissioner did so.

On January 9, 2013, the Tax Court ordered Hovind to respond to the Commissioner's motion by January 30, 2013, and warned him, "Failure to comply with this Order will result in the granting of [the Commissioner's] motion and entry of decision sustaining the determinations set forth in the notice of deficiency on which this case is based." Instead of filing a response to the motion, Hovind filed a *pro se* affidavit, dated January 28, 2013, stating that his attorney did not have authority to file the petition and that Hovind was never informed that retaining an attorney affected his "independence as a free inhabitant from US court jurisdictions." The Tax Court construed the affidavit as a motion to withdraw

counsel, granted it, and then extended Hovind's deadline to respond to the IRS's motion for entry of decision until March 6, 2013. The Tax Court also directed service of a copy of the motion to Hovind at the address listed in the affidavit, which also appears to be Hovind's currently listed address. Hovind did not respond. The Tax Court entered the final order in this case on March 15.

Given this record, including the explicit abandonment of the petition by Hovind, the extensive length of the proceedings, and the Tax Court's generous accommodation of Hovind, we are not persuaded that any alleged lack of notice prejudiced his ability to present his challenges to the deficiency notice to the Tax Court. Consequently, we conclude that the Tax Court did not abuse its discretion in dismissing Hovind's case under both its own rules and this Court's precedent. Tax Ct. R. 123; *see Crandall*, 650 F.2d at 659-60.

Finally, we decline to address Hovind's challenges to the merits of the deficiency judgment entered against him—that he is exempt from taxation as a minister of CSE and that IRS records contradict the Tax Court's decision—because these arguments were not timely and properly presented to the Tax Court for resolution. *Stubbs v. Comm'r of Internal Revenue Serv.*, 797 F.2d 936, 938 (11th Cir. 1986) (stating that an issue not raised in the Tax Court is not properly before this Court on appeal).

**AFFIRMED.**