Ana P. COLON, Petitioner–Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

Docket No. 00–4211.

United States Court of Appeals, Second Circuit.

Argued June 6, 2001.

Decided June 12, 2001.

Ana P. Colon, Wappingers Falls, NY, pro se.

Thomas J. Sawyer (Claire Fallon, Acting Assistant Attorney General, David English Carmack, of counsel), Tax Division, Department of Justice, Washington, DC, for appellee.

Before: CABRANES, STRAUB, and SACK, Circuit Judges.

PER CURIAM:

Petitioner–Appellant *pro se* Ana P. Colon timely appeals from a July 13, 2000 order ("the order") of the United States Tax Court (Julian I. Jacobs, *Judge* ) granting Respondent–Appellee Commissioner of Internal Revenue's motion to dismiss for failure to prosecute. For the reasons stated below, the order is affirmed.

The Tax Court is vested with discretion to dismiss an action for failure to prosecute. *See* Rules of Practice and Procedure of the United States Tax Court 123(b) ("[f]or failure of a petitioner properly to prosecute ... the Court may dismiss a case at any time and enter a decision against the petitioner"). We review the Tax Court's exercise of that discretion for abuse. *See Bauer v. Commissioner*, 97

F.3d 45, 48 (4th Cir.1996); *Noli v. Commissioner,* 860 F.2d 1521, 1527 (9th Cir. 1988); *Crandall v. Commissioner,* 650 F.2d 659, 660 (5th Cir. Unit B July 1981). *See generally Moretti v. Commissioner,* 77 F.3d 637, 642 (2d Cir .1996) ("The Tax Court's ... application of its own procedural rules[ ] is reviewed for abuse of discretion.").

■ To determine whether the *Tax Court* has abused its discretion in dismissing an action for failure to prosecute, we consider the same factors that we look to in determining whether a *district court* has abused its discretion in dismissing an action for failure to prosecute. *See Crandall,* 650 F.2d at 660. Those factors are:

> 1) the duration of [petitioner's] failures or non-compliance; 2) whether [petitioner] had notice that such conduct would result in dismissal; 3) whether prejudice to the [respondent] is likely to result; 4) whether the court balanced its interest in managing its docket against [petitioner's] interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.,* 222 F.3d 52, 63 (2d Cir.2000); *see also Lucas v. Miles,* 84 F.3d 532, 535 (2d Cir.1996) (noting that although a court need not consider these factors on the record, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the ... court's reasoning").

■ Applying those factors here, we conclude that the Tax Court did not abuse its discretion. Accordingly, the order is affirmed.