David TAYLOR, Petitioner–Appellant,

Frieda M. Taylor, Petitioner–Appellee,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 00–4171.

United States Court of Appeals,
Second Circuit.

Nov. 20, 2001.

David Taylor, Waltham, MA, pro se.

Donald Jay Pols, New York, NY, for petitioner-appellee.

Claire Fallon, Acting Assistant Attorney General; Bruce R. Ellisen and Anthony T. Sheehan, Attorneys, Tax Division, Department of Justice, on the brief, Washington, DC, for respondent-appellee.

Present MINER, STRAUB, B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the Tax Court is AFFIRMED.

Petitioner–Appellant David Taylor, *pro se,* appeals from a judgment of the United States Tax Court (Stephen J. Swift, *Judge* ) dismissing his case for failure to prosecute. After considering the substance of his appeal, we find his contentions to be without merit and therefore affirm the judgment of the Tax Court.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1986 and 1987, the Internal Revenue Service ("IRS" or "Commissioner") sent Mr. Taylor and his then wife Frieda Taylor, notices of deficiency for tax years 1980, 1981, and 1982. The Taylors filed petitions in the Tax Court for redetermination of their deficiencies, and while their case was pending, the Tax Court issued a decision in a test-case relevant to the Taylors' petition. The Tax Court ordered the Taylors to show cause why a decision should not be entered against them in light of the test-case. Mr. Taylor did not appear at the Tax Court's December 1997 show-cause hearing or at the recall hearing the next day.

In October 1997, Mr. Taylor filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code. Upon learning of Mr. Taylor's bankruptcy filing, the Tax Court ordered a stay of all tax proceedings pursuant to 11 U.S.C. § 362(a)(8), and ordered the parties to file a report detailing the status of the pending litigation. In May 1999, after the Bankruptcy Court issued an order discharging Mr. Taylor from bankruptcy, the Tax Court lifted the stay and instructed the Taylors to file a status report and show cause as to why a decision should not be entered in accordance with the test-case. Mr. Taylor failed to respond, informing the court that, *inter alia,* he lacked access to the relevant files.

In July 1999, through counsel, Mrs. Taylor filed a separate status report to the Tax Court and sent a copy to Mr. Taylor at his Watertown address. In the report, Mrs. Taylor stated that she had divorced Mr. Taylor and that she intended to seek relief under the innocent-spouse provisions of I.R.C. § 6015. The Tax Court scheduled the case for trial and warned Mr. Taylor, in writing, of the consequences of failing to appear at the May 15, 2000 trial session.

In February 2000, the Commissioner attempted to contact Mr. Taylor to request documents relating to the innocent spouse defense and schedule a conference pursuant to *Branerton Corp. v. Commissioner,* 61 T.C. 691, 1974 WL 2703 (1974). After learning that Mr. Taylor was residing in Waltham, Massachusetts, the Commissioner filed an answer to Mrs. Taylor's amendments and sent copies to Mr. Taylor at all of his known addresses. The Commissioner sent Mr. Taylor a letter informing him that the case was calendared for trial May 15, 2000 and warning Taylor that if he did

not attend the stipulation of facts conference, or if he failed to otherwise contact the Commissioner, it would file a motion to dismiss for lack of prosecution. The Commissioner repeated its dismissal warning in its trial memorandum, which it sent to all of Taylor's known addresses.

In early May, Mr. Taylor filed a motion to continue the trial until September 2000, alleging that he had just learned of the Commissioner's decision to settle the innocent-spouse issue with Mrs. Taylor citing several reasons why he could not proceed with the scheduled trial. However, Mr. Taylor then failed to attend the Tax Court's May 15, 2000 calendar call when the court considered the continuance motion and the Commissioner moved to dismiss the case for lack of prosecution. The Commissioner conceded to Mrs. Taylor's status as an innocent-spouse and, on July 17, 2000, the Tax Court granted the government's motion to dismiss for lack of prosecution and entered an order of dismissal and decision for each tax year. In each order, the Tax Court held Mr. Taylor liable for the income tax deficiency and a penalty for each tax year in question pursuant to 26 U.S.C. § 6651(a)(1). Mr. Taylor filed timely notices of appeal from each of the Tax Court orders.

## DISCUSSION

On appeal Mr. Taylor argues that the Tax Court: (1) exceeded its jurisdiction in dismissing his case because the automatic stay provisions of 11 U.S.C. § 362 and/or 11 U.S.C. § 524 apply; (2) abused its discretion in ordering the innocent-spouse stipulation; and (3) abused its discretion in dismissing Mr. Taylor's petition for failure to prosecute.

█ First, the Tax Court had jurisdiction to dismiss Mr. Taylor's case because the stay provision of § 362(a) terminated when Mr. Taylor was granted a discharge by the bankruptcy court, *see* 11 U.S.C. § 362(c)(3), and a stay pursuant to 11 U.S.C. § 524 was not appropriate because Mr. Taylor's tax liability assessment was not finalized prior to his filing for bankruptcy. *See* 11 U.S.C. § 507(a)(8)(A)(iii). As such, neither stay provision was in effect at the time of the Tax Court's decision and the Tax Court appropriately ruled on the Commissioner's motion.

Second, the Tax Court has jurisdiction over innocent-spouse claims pursuant to Internal Revenue Code § 6015(e). *See* 26 U.S.C. § 6015; *see also Friedman v. Commissioner,* 159 F.3d 1346 (2d Cir.1998) (remanding issue of innocent-spouse provision to Tax Court for redetermination in light of intervening amendments to the Tax Code). Furthermore, even if § 6015 were not to apply, the Taylors had filed a petition for redetermination, thereby invoking the jurisdiction of the Tax Court pursuant to I.R.C. § 6214. *See* U.S.C. § 6214.

█ Finally, this Court reviews a Tax Court's dismissal of a claim pursuant to Rules of Practice and Procedure of the United States Tax Court 123(b) for an abuse of discretion. *See Colon v. Comm'r of Internal Revenue,* 252 F.3d 662 (2d Cir.2001). To determine whether the Tax Court abused its discretion in dismissing an action for failure to prosecute, this Court considers: (1) the duration of the petitioner's non-compliance; (2) whether the petitioner had notice that such conduct would result in dismissal; (3) whether prejudice to the respondent is likely to result; (4) whether the court balanced its interest in managing its docket against petitioner's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal. *Id.* Applying those factors here, the Tax

**22**

Court did not abuse its discretion. *Id.* at 663.

 Mr. Taylor's non-compliance started in August 1997 when he failed to respond to the Commissioner's letter urging him to close his case in accordance with the test-case and continued until May 15, 2000 when he failed to attend the Tax Court proceeding. During this time period, he, *inter alia,* failed to notify the parties of address changes, failed to attend the December 1997 show-cause hearing, failed to attend the *Branerton* conference, and failed to respond to numerous inquiries from the court. Moreover, Mr. Taylor received ample warnings, from both the Commissioner and the Tax Court, that his case would be dismissed for failure to prosecute if he did not attend the May 15, 2000 trial.

The Commissioner is generally barred from collecting a taxpayer's outstanding tax liability from the time the taxpayer files his or her petition until the decision of the Tax Court becomes final. 26 U.S.C. § 6213(a). As such, Mr. Taylor's lack of diligence prejudiced the Commissioner as it precluded timely tax collection. *Harper v. Commissioner,* 99 T.C. 533, 542, 1992 WL 311950 (1992). Moreover, the deprivation of Mr. Taylor's opportunity to be heard was a result of his own behavior, and the Tax Court was not required to further delay resolution of the case by employing some form of progressive discipline.

Because the Tax Court did not abuse its discretion in dismissing Mr. Taylor's case, the judgment of the Tax Court is AFFIRMED.