**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 9 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WENDEL ROBERT WARDELL, JR.,

Petitioner - Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

Respondent - Appellee.

No. 01-9004
(Tax Court No. 13738-99)

**ORDER AND JUDGMENT** *

Before **HENRY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Wendel R. Wardell appeals from two rulings by the Tax Court: denial of his Motion for a Continuance and grant of respondent's Motion to Dismiss. We have jurisdiction over this appeal by virtue of 26 U.S.C. § 7482. We review the Tax Court's rulings on these motions only for an abuse of discretion. *See Colon v. Comm'r*, 252 F.3d 662, 662 (2d Cir. 2001) (failure to prosecute); *Manzoli v. Comm'r*, 904 F.2d 101, 103 (1st Cir. 1990) (continuance). Petitioner also seeks leave to proceed on appeal without prepayment of costs or fees, which is granted pursuant to 28 U.S.C. § 1915(b)(1).

After careful consideration of the record on appeal and the arguments in the parties' briefs, we conclude that the Tax Court did not abuse its discretion in either of its rulings. The court denied the Motion for a Continuance and granted respondent's Motion to Dismiss, which was based on petitioner's alleged failure to prosecute, after petitioner failed to communicate with the respondent before trial and failed to appear at trial. The Tax Court's scheduling notice and standing pre-trial order had previously warned petitioner that failure to cooperate with respondent or to appear at trial could result in sanctions, including dismissal. The court concluded that, even had petitioner appeared at trial, he would have been unable to establish a case. On appeal, petitioner has not demonstrated that he was unable to communicate with respondent at all times before the scheduled trial date, and has not addressed the basis of the Tax Court's rulings. The Tax

-2-

Court was well within its discretion to both deny the Motion for a Continuance and dismiss petitioner's case.

The judgment of the United States Tax Court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge