Phyllis M. PICKETT, Leonard Martin, Stella Maris–Martin, Mark S. Heinonen, and Nancy M. Heinonen, Petitioners,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

Nos. 06–2952–ag (L), 06–2991–ag (Con), 06–3095–ag (Con).

United States Court of Appeals, Second Circuit.

June 14, 2007.

Phyllis M. Pickett, pro se, Jewett City, Connecticut; Leonard Martin and Stella Maris–Martin, pro se, Warwick, Rhode Island; Mark S. and Nancy M. Heinonen, pro se, Franklin, Connecticut.

Eileen J. O'Connor, Assistant Attorney General, Department of Justice (Bruce R. Ellisen and Deborah K. Snyder, Attorneys, Tax Division, on the brief), Washington, D.C., for Defendant–Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

Petitioners-appellants Phyllis M. Pickett, Leonard Martin, Stella Maris–Martin, and Mark S. and Nancy M. Heinonen, *pro se,* appeal from the judgments of the United States Tax Court (Robert A. Wherry, Jr., *Judge* ) dismissing their petitions challenging notices of deficiency issued by the Commissioner of Internal Revenue ("IRS"). The Tax Court dismissed their petitions for failure to prosecute pursuant to Tax Court Rule of Practice and Procedure 123(b). We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

As an initial matter, it is hereby ORDERED that these cases are consolidated under lead docket number 06–2952–ag for the ease and purpose of disposition.

We review the Tax Court's decision to dismiss for failure to prosecute for an excess of discretion. *See Colon v. Commissioner of Internal Revenue,* 252 F.3d 662, 662–63 (2d Cir.2001) (per curiam). We consider "1) the duration of petitioner's failures or non-compliance; 2) whether petitioner had notice that such conduct would result in dismissal; 3) whether prejudice to the respondent is likely to result; 4) whether the court balanced its interest in managing its docket against petitioner's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal." *Id.* (internal quotation marks omitted and alterations incorporated). "We also note that *pro se* litigants ... are given some latitude in prosecuting their cases." *Moretti v. C.I.R.,* 77 F.3d 637, 644 (2d Cir.1996).

We affirm the Tax Court's judgments because these factors weigh strongly in favor of dismissal. Regarding the duration of the failure to prosecute, the delays at issue here were at least eight months. These delays were directly attributable to petitioners, who explicitly stated that they would not appear at trial. Petitioners not only substantially delayed the proceedings in the Tax Court but also demonstrated a "lack of respect for [that] court." *Peart v. City of New York,* 992 F.2d 458, 461 (2d Cir.1993).

Concerning notice, the Tax Court warned petitioners in several orders that failure to appear and cooperate in pretrial proceedings, negotiations, and trial could result in dismissal of the petitions. Petitioners ignored these warnings and even declined to reply to the IRS's motion to dismiss for failure to prosecute.

As to the third factor, the IRS was prejudiced to some extent, as petitioners' tactics forced the agency to waste its resources in pointless litigation, thus diverting its ability to collect taxes elsewhere. The fourth factor also supports dismissal. Since petitioners explicitly stated that they would not appear, they effectively waived their right to be heard and left the Tax Court little option but to dismiss their cases. As to the last factor, it is unclear whether the court considered other sanctions. However, any sanction other than dismissal would have been inadequate given petitioners' failure to respond to telephone calls from the court, appear in court, or meaningfully participate in the proceedings.

We disagree with petitioners' contention that dismissal was inappropriate because the IRS had the burden of proof in this case. A petitioner bears the burden of showing that a deficiency notice is flawed. *Douge v. C.I.R.,* 899 F.2d 164, 167 (2d Cir.1990) ("The Commissioner's determi-

nation of an income tax deficiency enjoys a presumption of correctness, requiring a taxpayer petitioning for review to prove it wrong."). Finally, we note that the merits of the petitions are not properly before us.

We have considered all of petitioners' remaining arguments and find them without merit. For the foregoing reasons, we AFFIRM the Tax Court's judgments.