Otu OBOT & Carol Obot, Petitioner–
Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 05–5570–ag.

United States Court of Appeals,
Second Circuit.

Nov. 15, 2007.

Otu Obot, pro se; Carol Obot, pro se.

Eileen J. O'Connor, Assistant Attorney
General, United States Department of Justice
(Michael J. Haungs, Sara Ann Ketchum,
Tax Division Attorneys, on the
brief), for Appellee.

PRESENT: Hon. ROGER J. MINER,
Hon. REENA RAGGI, Circuit Judges,
Hon. JED S. RAKOFF, District Judge.[1]

## SUMMARY ORDER

Petitioners Otu and Carol Obot appeal
from a judgment of dismissal for failure to
prosecute under Tax Court Rules of Procedure
123 and 149. We assume the parties'
familiarity with the facts and the record of
prior proceedings, which we reference only
as necessary to explain our decision.

We review the Tax Court's dismissal for
failure to prosecute for abuse of discretion.
*See Colon v. Comm'r of Internal Revenue*,
252 F.3d 662, 662 (2d Cir.2001). Factors
relevant to our review include: "1) the
duration of petitioner's failures or non-compliance;
2) whether petitioner had notice
that such conduct would result in dismissal;
3) whether prejudice to the respondent
is likely to result; 4) whether the
court balanced its interest in managing its
docket against petitioner's interest in receiving
an opportunity to be heard; and 5)
whether the court adequately considered
the efficacy of a sanction less draconian

---

1. The Honorable Jed S. Rakoff, of the United
States District Court for the Southern District
of New York, sitting by designation.

58

than dismissal." *Id.* at 663 (internal quotation marks omitted).

Mindful of the fact that "pro se plaintiffs should be granted special leniency regarding procedural matters," *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir.2001), we nonetheless find no abuse of discretion in this case. Petitioners' failure to comply with court orders began with the inception of their suit and culminated in their willful refusal to appear at trial. Both the Tax Court and the respondent Commissioner of Internal Revenue warned petitioners on many different occasions, including in response to their notice that they refused to appear at what they characterized as an inevitably unfair trial, that their non-compliance and failure to appear could result in a dismissal for failure to prosecute. As we have previously observed, "it is difficult to imagine how a dismissal following an unheeded warning could be an abuse of discretion." *Id.* at 210 (internal quotation marks omitted). Nothing in the record of this case indicates abuse. To the contrary, the Tax Court's balancing of the factors outlined in *Colon* was reasonable and well within its discretion.

Accordingly, the judgment of dismissal is AFFIRMED.