11-2170-ag
Byrne v. Comm'r

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand thirteen.

Present:     PIERRE N. LEVAL,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                     *Circuit Judges*.

─────────────────────────────────────────────

LESLIE A. BYRNE,

                     *Petitioner-Appellant*,

            -v-                                    11-2170-ag

COMMISSIONER OF INTERNAL REVENUE,

                     *Respondent-Appellee*.

─────────────────────────────────────────────

Appearing for Appellant:     DEVIN B. DINGLER, Simsbury, CT.

Appearing for Appellee:     CURTIS C. PETT (Joan I. Oppenheimer, Kathryn Keneally,
                            Assistant Attorney General, Tax Division, *on the brief*)
                            Department of Justice, Washington, DC.

Appeal from the United States Tax Court (Kroupa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the Tax Court be and it hereby is **VACATED** and **REMANDED**.

Petitioner-Appellant Leslie A. Byrne ("Petitioner") appeals from a February 28, 2011 order of the Tax Court granting Respondent-Appellee Commissioner of Internal Revenue's motion to dismiss for failure to prosecute, and from the Tax Court's March 22, 2011 denial of Petitioner's motion to vacate the dismissal.

"For failure of a petitioner properly to prosecute or to comply with [Tax Court rules] or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner." T.C. R. 123(b). We review the Tax Court's dismissal due to failure to prosecute for abuse of discretion. *Colon v. Comm'r*, 252 F.3d 662, 662 (2d Cir. 2001). We also review the Tax Court's denial of a motion to vacate for abuse of discretion. *See LaBow v. Comm'r*, 763 F.2d 125, 129 (2d Cir. 1985).

"To determine whether the Tax Court has abused its discretion in dismissing an action for failure to prosecute, we consider the same factors that we look to in determining whether a district court has abused its discretion in dismissing an action for failure to prosecute." *Colon*, 252 F.3d at 663 (listing factors for consideration). However, "[d]ismissal is a drastic remedy that should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions." *World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 159 (2d Cir. 2012) (internal quotation marks and ellipsis omitted). "In deciding on the suitability of lesser sanctions, and whether the sanctions should be aimed primarily against the party or the attorney, it can be important for the [Tax Court] to assess the relative roles of attorney and client in causing the delay, as well as whether a tactical benefit was sought by the delay." *Dodson v. Runyon*, 86 F.3d 37, 40 (2d Cir. 1996).

Here, "[t]he record strongly suggests that it was [Petitioner's] lawyer, not [Petitioner], who was responsible for failing to advance the case." *Id.* at 41. "Furthermore, it appears that the attorney caused the delay in derogation of, rather than to benefit, his client's interests." *Id.* The Tax Court, while understandably frustrated with Petitioner's failure to prosecute, failed to consider lesser sanctions. Accordingly, we conclude that the Tax Court should not have dismissed the action. As we vacate the dismissal, we need not consider the Tax Court's denial of Petitioner's motion to vacate.

On remand, the Tax Court is free to reconsider the issue of sanctions consistent with this order.

The judgment is **VACATED** and **REMANDED** to the Tax Court for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2