*Jarvis v. Comm'r*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd of August, two thousand eighteen.

PRESENT:   JOSÉ A. CABRANES,
           GERARD E. LYNCH,
                *Circuit Judges,*
           EDWARD R. KORMAN,
                *District Judge.*[*]

---

LINDA JARVIS,

        *Petitioner-Appellant,*                     16-3897

        v.

COMMISSIONER OF INTERNAL REVENUE,

        *Respondent-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**                     Linda Jarvis, pro se, Loudonville, NY.

---

[*] Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLANT:**           Thomas J. Clark, Ivan C. Dale, *for* Richard E. Zuckerman, Principal Deputy Assistant Attorney General, Department of Justice, Washington, DC

Appeal from the order of dismissal and denial of motions to vacate and for reconsideration of the United States Tax Court (Juan F. Vasquez, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Tax Court is **AFFIRMED**.

Appellant Linda Jarvis ("Jarvis"), proceeding pro se, appeals from the Tax Court's decision dismissing her case for failure to prosecute and its denials of her motions to vacate the dismissal and for reconsideration. We assume the parties' familiarity with the underlying facts and procedural history in this case.

In 2015, Jarvis received a notice of deficiency form the IRS, stating that she owed $6,133.30 for the 2012 tax year. Jarvis filed a petition in the Tax Court challenging the deficiency and elected to proceed under regular tax case procedures in Hartford, Connecticut. The Court scheduled a trial for May 16, 2016, and issued a notice advising Jarvis that her failure to appear could result in the dismissal of her case, as well as instructing her to file a pretrial memorandum and a final status report. The pretrial order noted that Jarvis could fax a final status report to a number listed on the final status report form but that any other documents sent to the number would be discarded.

Despite being reminded of her trial date by the Tax Court, Jarvis did not appear at the May 16 trial. The Commissioner informed the court that it had received a fax from Jarvis requesting to proceed under small tax case procedures and to change the trial location. The Court stated that it had not received this request and rescheduled the case for May 19. Jarvis again failed to appear. On May 27, 2016, the Court dismissed Jarvis's case for failure to prosecute on the grounds that she had received warnings about her failure to appear and had failed to timely move for a continuance. Jarvis moved to vacate or reconsider the dismissal, arguing that she had faxed her election to proceed under small tax case procedures and to move her case to a different location, which required the Tax Court to transfer the case and precluded it from calling the case on the trial date. The Tax Court denied both motions, reasoning that Jarvis had notice of both trial dates and her requests to switch to small tax case procedures and to change the trial location were not timely or properly made.

We review the Tax Court's decision to dismiss a petition for failure to prosecute and its denial of motions to vacate and reconsider for abuse of discretion. *Colon v. Comm'r*, 252 F.3d 662, 662 (2d Cir. 2001) (dismissal for failure to prosecute); *Cinema '84 v. Comm'r*, 412 F.3d 366, 370–71 (2d Cir. 2005) (motion to vacate); *LaBow v. Comm'r*, 763 F.2d 125, 129 (2d Cir. 1985) (motion for reconsideration).

2

Upon a review of the record, we conclude that the Tax Court did not abuse its discretion by dismissing Jarvis' case and denying her motions to vacate and for reconsideration. As we have previously held, "the Tax Court is vested with discretion to dismiss an action for failure to prosecute." *Colon*, 252 F.3d at 662; *see also* Rules of Practice and Procedure of the United States Tax Court 123(b) ("[f]or failure of a petitioner properly to prosecute . . . the Court may dismiss a case at any time and enter a decision against the petitioner"). We evaluate a dismissal for failure to prosecute for the following factors:

> 1) the duration of [petitioner's] failures or non-compliance; 2) whether [petitioner] had notice that such conduct would result in dismissal; 3) whether prejudice to the [respondent] is likely to result; 4) whether the court balanced its interest in managing its docket against [petitioner's] interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Colon*, 252 F.3d at 663 (quoting *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000)).

Although the duration of the delay between the two trial dates was short, the Tax Court gave notice to Jarvis of her trial dates and warned that failure to appear could result in dismissal. Jarvis provided no reasons for her absence and did not attempt to inform the Commissioner or the Tax Court that she would not appear, which caused the Commissioner to expend resources. The Tax Court balanced Jarvis's interest in being heard, which was diminished by her failure to meaningfully participate in proceedings, by scheduling a second call for her trial. Although it is not evident that the Tax Court considered lesser sanctions, dismissal was appropriate in light of the fact that Jarvis was solely responsible for the delay and failed to comply with the Tax Court's pre-trial instructions. Accordingly, Jarvis has not shown that the Tax Court abused its discretion by dismissing her case and denying her motions. *See Colon*, 252 F.3d at 663.

## CONCLUSION

We have reviewed all of the arguments raised by petitioner on appeal and find them to be without merit. For the foregoing reasons, the decision of the Tax Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

3