*Harris v. Comm'r*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of September, two thousand eighteen.

PRESENT: PIERRE N. LEVAL,
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

———————————————————————

Joshua Harris,

*Petitioner-Appellant,*

v.                                                                    17-3427 (L);
                                                                       18-197 (Con)*

Commissioner of Internal Revenue,

*Respondent-Appellee.*

———————————————————————

FOR PETITIONER-APPELLANT:          Joshua Harris, *pro se*, South Ozone Park, NY.

FOR RESPONDENT-APPELLEE:          Michael J. Haungs, Karen G. Gregory, *for* Richard E. Zuckerman, Principal Deputy Assistant Attorney General, Department of Justice, Washington, D.C.

———————————

* The Lead appeal, 17-3427, was dismissed on February 6, 2018.

Appeal from order of dismissal of the United States Tax Court (Chiechi, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Tax Court is **AFFIRMED** in part, and **REMANDED** for further proceedings consistent with this order.

Appellant Joshua Harris ("Harris"), proceeding *pro se*, appeals the Tax Court's dismissal of his case for failure to prosecute as well as its denial of his motion for reconsideration. Harris initiated proceedings to challenge a notice of deficiency and elected to proceed under regular tax case procedures. Harris did not appear at trial. The Commissioner moved to dismiss for failure to prosecute and also moved for a judgment in favor of the Commissioner in the full amount of the deficiency and related penalties. The Tax Court granted the Commissioner's motion to dismiss for failure to prosecute and entered a decision based on the deficiency and penalty amounts in the notice of deficiency.

Harris moved for reconsideration of the court's order of dismissal, alleging, among other things, that he had arrived "a few minutes late" to the courtroom on his trial date but had otherwise been ready to prosecute his case, and that the Tax Court's order did not consider pretrial concessions made in the Commissioner's pretrial memorandum. The court denied relief, reasoning that Harris had "not shown any unusual circumstances or substantial error" to warrant reconsideration. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

1

\* \* \*

We review the Tax Court's decision to dismiss a petition for failure to prosecute and its denial of reconsideration for abuse of discretion. *Colon v. Comm'r*, 252 F.3d 662, 662 (2d Cir. 2001) (dismissal); *LaBow v. Comm'r*, 763 F.2d 125, 129 (2d Cir. 1985) (motion for reconsideration). We may reverse the Tax Court's discretionary denial of a post-opinion motion "only if there are shown to be 'extraordinary circumstances' justifying reversal." *Wilson v. Comm'r*, 500 F.2d 645, 648 (2d Cir. 1974) (quoting *Pepi, Inc. v. Comm'r*, 448 F.2d 141, 148 (2d Cir. 1971)).

We conclude that the Tax Court did not abuse its discretion by dismissing Harris's case and denying his motion for reconsideration. If a petitioner fails properly to prosecute his case or to comply with Tax Court Rules, the court "may dismiss a case at any time and enter a decision against the petitioner." Tax Court Rule 123(b). Failure to appear at trial can constitute a failure to prosecute and thus may warrant dismissal. Tax Court Rule 149(a). We consider the following five factors when we review the Tax Court's dismissal of a case for failure to prosecute:

> 1) the duration of [petitioner's] failures or non-compliance; 2) whether [petitioner] had notice that such conduct would result in dismissal; 3) whether prejudice to the [respondent] is likely to result; 4) whether the court balanced its interest in managing its docket against [petitioner's] interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Colon*, 252 F.3d at 663 (quoting *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000)). "No one factor is dispositive, and ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

2

The first factor, the duration of Harris's non-compliance, favors dismissal. Harris flouted the document-disclosure requirements from the very outset of proceedings in October 2016. Even after the Tax Court's July 2017 pretrial order, which explicitly advised Harris of the requirement to "negotiate in good faith" with the Commissioner in advance of trial or risk dismissal of his case, Harris continued to refuse to provide documents, prompting the Commissioner (over two months after the pretrial order) to file a motion to compel. The Tax Court granted the motion, yet Harris continued to refuse to comply with the court's order, instead filing another motion, this one to vacate the court's order to compel; the Tax Court denied it. At the December 4 calendar call, nearly five months after the first trial notice detailed the requirement that Harris submit a stipulation of facts, he still had not done so; when Harris finally produced documents for use at trial during the calendar call, he did so past the court's November 20 deadline for document exchange. Harris's final act of non-compliance occurred at his December 8 trial when he failed to appear when his case was called, resulting in its dismissal.

The other factors, considered on balance, similarly favor the Tax Court's determination. As to the second factor, which looks to whether Harris had notice that his conduct would result in dismissal, there is ample evidence in the record that Harris was provided notice of his trial date and was advised that his failure to appear or comply with the court's directives could result in dismissal of his case. The third factor, prejudice to the Commissioner, also favors dismissal. The record demonstrates that the Commissioner's counsel (and a paralegal) expended significant effort the day before the scheduled trial attempting to reach a stipulation of facts with Harris. If Harris's case had not been dismissed, the Government would have had to prepare for yet another

3

trial date and likely would have expended additional resources in pretrial negotiations with Harris. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (noting that delay by one party "increases the likelihood that . . . trial will be made more difficult" and holding that an unreasonable delay may give rise to a presumption of prejudice against the respondent).

As to the fourth factor, the court balanced Harris's interest in being heard—which was diminished by his consistent refusal to produce documents, stipulate to facts, and appear for his trial—with its responsibility to manage the court's docket, and properly concluded that dismissal was warranted. Finally, although it does not appear that the court considered lesser sanctions than dismissal, it was nonetheless appropriate given that Harris was solely responsible for the delay, had been provided ample notice of the possibility of dismissal, and repeatedly disregarded the court's instructions. *Cf. Pickett v. Comm'r*, 240 F. App'x 883, 884 (2d Cir. 2007) (summary order) (finding that dismissal was an appropriate sanction where petitioner did not respond to phone calls, failed to appear in court, and demonstrated a lack of respect for the Tax Court); *Byrne v. Comm'r*, 509 F. App'x 33, 34 (2d Cir. 2013) (summary order) (finding that dismissal was inappropriate where delay was caused by petitioner's counsel); *see also* Tax Court Rule 149(a) ("The unexcused absence of a party . . . when a case is called for trial will not be ground for delay."). Together, these factors weigh in favor of dismissal. *See Colon*, 252 F.3d at 663.

Harris also disputes the Tax Court's calculation of his tax deficiencies and penalties, arguing that the Tax Court ignored documents he submitted and failed to account for bank statements, real estate taxes, and deductions. The "documents" that Harris alludes to are not in the administrative record, nor are they part of his filings in this Court, so we may not consider

4

them. *Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997) (noting that a court reviewing an agency decision is generally confined to the agency's administrative record). However, construed liberally, Harris's argument that the Tax Court did not account for certain "[S]chedule [C]" expenses in its tax liability assessment likely references concessions made in the Commissioner's pretrial memorandum. The Commissioner's oral motion to dismiss, which the Tax Court granted, assessed Harris's tax liabilities according to the August 2016 notice of deficiency, rather than the pretrial memorandum that accounted for the Commissioner's concessions. We need not take a position on whether the Tax Court's deficiency and penalty calculations are erroneous, because the Commissioner moves to remand to the Tax Court for purposes of recalculating Harris's tax deficiencies and penalties to account for the pretrial concessions. Accordingly, we remand to the Tax Court for the limited purposes of (1) determining whether Harris's 2013 and 2014 tax deficiencies and penalties erroneously excluded the Commissioner's pretrial concessions; and (2) if so, recalculating Harris's 2013 and 2014 tax deficiencies and penalties.

We have considered all of Harris's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the decision of the Tax Court in all respects except for the exclusion of the Commissioner's pretrial concessions and **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5