24-2217-ag
Khan v. Comm'r

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand twenty-five.

PRESENT:
>       MICHAEL H. PARK,
>       WILLIAM J. NARDINI,
>             *Circuit Judges,*
>       STEFAN R. UNDERHILL,
>             *District Judge.*[*]

_____

Atif A. Khan, Huma A. Khan,

>       *Petitioners-Appellants,*

>       **v.**                                           **24-2217**

_____

[*] Judge Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

**Commissioner of Internal Revenue,**

*Respondent-Appellee.*

_____

FOR PETITIONERS-APPELLANTS:     Atif A. Khan, Huma A. Khan, pro se, Hollis, NY.

FOR RESPONDENT-APPELLEE:     Bruce R. Ellisen, Janet A. Bradley, Attorneys, Tax Division, Department of Justice, Washington, DC.

Appeal from an order of the United States Tax Court (Jones, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Atif and Huma Khan (together "the Khans") appeal from the United States Tax Court's dismissal of their petition against the Commissioner of Internal Revenue. In May 2021, the Khans petitioned the tax court for redetermination of a deficiency and penalty for taxable year 2018. The tax court initially scheduled trial for May 2022, but the parties moved for a continuance while the Khans pursued a potential settlement. Although the parties reached a settlement in

2

principle, the Khans refused to execute the proposed decision and stipulation. Thereafter, the Khans filed several additional motions to continue and motions for extensions, citing various reasons, including Huma's injury in a car accident in November 2023.

The tax court scheduled trial, for the fourth time, for May 20, 2024. But the Khans failed to file their motions or the required stipulation of facts by the pretrial deadlines. On the day of trial, the tax court gave the Khans a final 24 hours to complete a stipulation of facts with the Commissioner. The court reconvened the case on May 21, but Atif informed the court that Huma was unable to testify due to her medical condition. The court proposed several accommodations, but the Khans declined to proceed, even with a partial trial. The tax court then dismissed the case under Tax Court Rule 123(b) for failure to prosecute.

We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review a tax court's dismissal of a claim for failure to prosecute for abuse of discretion. *Colon v. Comm'r*, 252 F.3d 662, 662 (2d Cir. 2001). When a petitioner fails to prosecute his case or to comply with the Tax Court Rules, the tax court "may dismiss [the] case at any time and enter a decision against the petitioner."

Tax Court Rule 123(b). "To determine whether the Tax Court has abused its discretion in dismissing an action for failure to prosecute, we consider the same factors that we look to in determining whether a district court has abused its discretion in dismissing an action for failure to prosecute." *Colon*, 252 F.3d at 663 (emphases omitted). Those factors are:

> 1) the duration of [petitioner's] failures or non-compliance; 2) whether [petitioner] had notice that such conduct would result in dismissal; 3) whether prejudice to the [Commissioner] is likely to result; 4) whether the court balanced its interest in managing its docket against [petitioner's] interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Id.* (quoting *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000)) (quotation marks omitted). In general, no factor is dispositive, and "ultimately we must review the dismissal in light of the record as a whole." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

The tax court properly reasoned that each relevant factor weighed in favor of dismissal. First, the duration of non-compliance and delay weighed in favor of dismissal. The Khans filed their initial petition in the underlying case in May 2021. Thereafter, the Khans refused to execute the proposed decision and stipulation, requesting additional time to speak with a tax attorney, even though they were

4

previously represented by counsel. And although Atif represented that he wished to settle the case and that he would negotiate in good faith, he failed to provide the necessary substantiation.

The Khans further failed to file a pretrial memorandum or status report by the deadline set in the standing pretrial order. The tax court also offered Atif multiple accommodations for Huma's injury, including a partial trial. But the Khans refused and insisted on another continuance. Ultimately, the tax court dismissed the case over three years after the Khans filed their petition and after the case had been set for trial four times. Based on these facts, the duration of non-compliance and delay weighed in favor of dismissal. *See Douge v. Comm'r*, 899 F.2d 164, 167 (2d Cir. 1990).

Second, the Khans had notice that their repeated delays and non-compliance would result in dismissal. In setting the fourth trial date, the tax court provided that "[i]f you do not follow the provisions of this Order, the Judge may dismiss your case and enter a decision against you." Dkt. No. 2, at 11 This was in addition to the court's standing pretrial orders, which warned that "[t]he Court may impose appropriate sanctions, including dismissal, for any unexcused failure to comply with this or other Court orders." *Id.* at 5, 10.

5

Third, the tax court determined that further delay would prejudice the Commissioner. The record shows that the Commissioner had prepared for two trials and that years-long efforts to reach a settlement were met with a lack of cooperation by the Khans.

Fourth, the tax court adequately balanced its interest in managing its docket against the Khans' interest in having an opportunity to be heard. The tax court rescheduled the trial three times, granted several extensions on mandatory filings, and offered accommodations for Huma's testimony. Despite these accommodations, the Khans sought yet another continuance at the outset of their fourth trial date. The tax court explained that it "must allocate its limited resources to those petitioners who truly wish to resolve their cases" and that it had already "expended significant resources to address [the Khans'] repetitive and dilatory filings in this case." *Id.* at 21–22.

Finally, as to the efficacy of lesser sanctions, the tax court determined that the Khans had "been afforded every opportunity to prosecute their case, but they . . . failed to do so." *Id.* at 22. Despite the tax court's numerous accommodations, the Khans refused to proceed to trial, indicating that lesser sanctions would have been ineffective.

6

Considering the record as a whole and all of the relevant factors, the tax court did not abuse its discretion by dismissing the Khans' case for failure to prosecute under Tax Court Rule 123(b).[1]

\* \* \*

We have considered the Khans' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the order of the tax court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] The Khans also complain about alleged bias of the tax court and "abuse" by the Commissioner's counsel. But there is no evidence of bias in the record. Indeed, the tax court and Commissioner's counsel gave the Khans several opportunities to settle and prepare for trial. Further, these arguments do not alter the conclusion that the tax court acted within its discretion in dismissing the case under Tax Court Rule 123(b).

7